IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MYRIAM NOMBRANA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. ___21-1290___ |
| | § | |
| FORUM INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF MYRIAM NOMBRANA'S ORIGINAL COMPLAINT

### Introduction

1.      This is an action for retaliation under the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act (EPSLA), and by extension, the Fair Labor Standards Act (FLSA).  Plaintiff Myriam Nombrana was formerly employed by Defendant Forum Industries, Inc.  Plaintiff experienced COVID-19 symptoms, tested negative for the virus, and sought a leave of absence pursuant to orders that she received from medical professionals to quarantine.  Defendant terminated Plaintiff's employment after returning from quarantine. Plaintiff now brings this action for damages.

### Parties

2.      Plaintiff Myriam Nombrana is an individual residing at 3613 Candleridge Dr., San Antonio, Texas 78244.  She may be served with papers in this case through the undersigned counsel.

3.      Defendant Forum Industries, Inc. is a corporation organized under the laws of the State of Texas.  Defendant Forum Industries maintains its principal place of business at 1400

Currency Street, San Antonio, Texas 78219. It may be served through its registered agent, Thomas McKown, at 1400 Currency Street, San Antonio, Texas 78219.

<strong>Jurisdiction and Venue</strong>

5.      The Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claim under a federal statute, the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act, and which incorporates by reference portions of the Fair Labor Standards Act. The Court has personal jurisdiction over Defendant, as Defendant is organized under the laws of the State of Texas and it operates its business in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

<strong>Cause of Action:  Retaliatory Discharge in Violation of FFCRA</strong>

6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.      Defendant is an employer within the meaning of the FFCRA and the EPSLA in that, at all times relevant to this lawsuit, it employed less than 500 employees.

8.      Plaintiff was a W-2 employee of Defendant. She commenced employment in or around 2011, and at the time of termination from employment in 2020, served as quality manager.

9.      Plaintiff was never written up or reprimanded while employed by Defendant.

10.      In June of 2020, some of Defendant's employees contracted COVID-19, and as a result, management sent employees home for a period of time, apparently to attempt to prevent the spread of the virus. Employees, including Plaintiff, returned to work on or about Friday, July 2, 2020. Employees were again instructed to leave, however, presumably because of another COVID-positive employee. That afternoon, Plaintiff started to feel sick. She notified the HR representative that she was feeling ill. Plaintiff was directed to stay home the following day if she

continued to feel sick. Plaintiff continued to feel sick the following day and attempted to reach management to advise she would not be coming in. Because she was unable to reach her supervisor or the owner directly, Plaintiff contacted the HR representative via text message. Plaintiff was chastised for contacting the HR representative via the HR representative's personal cell phone.

11.     Plaintiff continued to call in as directed. Plaintiff went to a physician and obtained a COVID test on July 4, which was negative. However, Plaintiff was still directed to quarantine for 10 days, which meant that her return to work date would be July 14. Plaintiff sent her doctor's note to Defendant on July 7. Plaintiff continued to call in until she returned to work on Tuesday, July 14.

12.     When Plaintiff returned to work on July 14, at which time she again provided a copy of her doctor's note. Plaintiff was discharged from employment that same day. Defendant stated that Plaintiff had failed to call in as directed. This allegation is false.

13.     Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act; and has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act. An employer who willfully violates Section 5104 shall be considered to be in violation of section 15(a)(3) of the FLSA and is subject to.

14.     Plaintiff avers that she was actually discharged from employment because of her protected activities under the Emergency Paid Sick Leave Act, the FFCRA, and Section 3611(8) of the CARES Act—specifically for taking EPSLA leave. As a result of her illegal discharge from employment, Plaintiff has lost wages and benefits for which she now sues. Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental

anguish, humiliation, and damage to reputation. Finally, because Plaintiff has been forced to retain legal counsel to vindicate her federally-protected rights, Plaintiff is entitled to an award of attorney fees.

## Jury Demand

16.    Plaintiff demands a trial by jury

## Conclusion and Prayer

17.    Plaintiff prays that, upon final judgment, she be awarded the following from Defendants, jointly and severally:

   a.  Lost wages and benefits;

   b.  Liquidated damages;

   c.  Compensatory damages for emotional distress, mental anguish, humiliation, and damage to reputation;

   d.  Attorney fees;

   e.  Costs of court;

   f.  Post-judgment interest; and

   g.  All other relief to which she is entitled.

Respectfully submitted,


/S/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MYRIAM NOMBRANA